UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Ramatoulie Barberie and David Barberie,<br>    Plaintiffs<br>v.<br><br>KRISTI NOEM, Secretary, U.S. Department of Homeland Security; KIKA SCOTT, Acting Director U.S. Citizenship and Immigration Services; DEPARTMENT OF HOMELAND SECURITY; U.S. CITIZENSHIP AND IMMIGRATION SERVICES, SERVICES; , JERRY SCOTT AMMONS, Field Office Director, U.S. Citizenship and Immigration Services, Boston Field Office,<br>    Defendants. | C.A. No. |

## PLAINTIFFS COMPLAINT FOR
## WRIT OF MANDAMUS

This action is brought by the Plaintiffs, **Ramatoulie Barberie and David Barberie,** against the Defendants to compel action on a visa petition filed by the Plaintiffs in 2001. The application remains within the jurisdiction of the Defendants, who have improperly withheld action on said application to the Plaintiffs' detriment.

## **PARTIES**

1. The Plaintiff, **Ramatoulie Barberie**, is a 53 year old native and citizen of Gambia. She currently resides in Wrentham, Massachusetts with the Plaintiff, David Barberie, who she married on September 22, 2017.

2. The Plaintiff, **David Barberie**, is a 61 year old US Citizen who was born in Norwood, Massachusetts. He currently resides in Wrentham, Massachusetts with the Plaintiff, Ramatoulie Barberie, who he married on September 22, 2017.

3. The Defendant, **Kristi Noem**, is being sued in her official capacity as the Secretary of the Department of Homeland Security. In this capacity, she is charged with the administration and enforcement of the immigration laws, pursuant to 8 U.S.C. § 1103, and she possesses extensive discretionary powers to grant certain relief to non-U.S. Citizens. More specifically, the Secretary of the Department of Homeland Security is responsible for the adjudication of visa petitions, applications to adjust status, and various other immigration applications pursuant to §§ 204, 245, et. seq. of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1154 and 8 U.S.C. §1255, et. seq.  The U.S. Citizenship and Immigration Services is an agency within the Department of Homeland Security to whom the Secretary's authority has in part been delegated, and is subject to the Secretary's supervision.

4. The Defendant, **Kika Scott**, is being sued in her official capacity as the Director of the U.S. Citizenship and Immigration Services. In this capacity, she is charged with the administration and enforcement of the immigration laws, pursuant to 8 U.S.C. § 1103, and she possesses extensive discretionary powers to grant certain relief to non-U.S. Citizens. More specifically, the Director of the U.S. Citizenship and Immigration Services is responsible for the adjudication of visa petitions, applications to adjust status and various other immigration applications pursuant to §§ 204, and 245 et seq. of the INA, 8 U.S.C. § 1154 and 8 U.S.C. § 1255 et seq. The U.S. Citizenship and Immigration Services is an agency within the Department of Homeland Security to whom the Secretary's authority has in part been delegated and is subject to the Secretary's supervision.

5. The Defendants **Department of Homeland Security (hereinafter "DHS") and the U.S. Citizenship and Immigration Services (hereinafter "USCIS")** are the agencies responsible for

enforcing the INA and for adjudicating and properly acting on the Plaintiffs' pending visa petition.

6.      The Defendant, **USCIS,** includes various field offices throughout the United States which conduct interviews and adjudicate applications for immigration benefits such as the one filed by the Plaintiffs. The Defendant, **Jerry Scott Ammons**, is the Field Office Director of the Boston Field Office of USCIS, which is the place where the Plaintiffs attended an interview in connection with their pending visa petition and where, on information and belief, the application is currently pending. The Boston Field Office of USCIS is located at 15 New Sudbury St., Boston, Massachusetts.

## JURISDICTION

7.      Jurisdiction in this case is proper under 28 U.S.C. §§ 1331 and 1361, 5 U.S.C. § 701 et seq., and 28 U.S.C. § 2201 et seq.  Relief is requested pursuant to said statutes. This action is not barred by the Real ID Act, P.L. 109-13, 119 Stat. 231 (May 11, 2005). The Plaintiffs file this case merely to compel action on a long-delayed Visa Petition. The Plaintiffs do not seek review of a discretionary decision of the Defendants.

## VENUE

8.      Venue is proper in this court, pursuant to 28 U.S.C. § 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the district where the Plaintiffs and a Defendant reside and where a substantial portion of the events or omissions giving rise to the Plaintiffs' claims occurred.  More specifically, the Plaintiffs reside in Massachusetts, they were interviewed by the USCIS at the USCIS Boston Field Office in connection with their visa petition, and the petition is currently pending at that office.

**EXHAUSTION OF REMEDIES**

9.      The Plaintiffs have exhausted their administrative remedies. The Plaintiffs paid the filing fee for their visa petition, attended an interview in connection with the application, and over the past several years have made many inquiries regarding the status of that application. However, as of this date, the USCIS has failed to make a decision on the Plaintiffs' visa petition.

**CAUSE OF ACTION**

10.     On April 15, 2003, the Plaintiff, Ramatoulie Barberie, last entered the United States as a tourist with a B-2 visa. She has lived in this country since the date of her entry in 2003. At some time in 2012, Ms. Barberie applied with the USCIS to adjust her status based on her previous marriage, but the USCIS denied that application and by notice dated March 12, 2014 and served her with a Notice to Appear under her former name, Ramatoulie Dem Lemon, before an Immigration Judge in Boston, MA for removal proceedings. Her removal proceedings are currently pending before the Immigration Court in Boston and the hearings have been continued several times pending adjudication of the visa petition at issue in this case. The Plaintiff's next Master Calendar Hearing is scheduled for April 14, 2025.

11.     On September 22, 2017 the Plaintiff, Ramatoulie Barberie, married her US Citizen spouse, the Plaintiff David Barberie. On April 3, 2018, the Plaintiff David Barberie filed his visa petition for his wife with the USCIS Texas Service Center. The petition was properly filed with the USCIS Texas Service Center and the Plaintiffs paid the required filing fee with the petition. (A copy of the receipt for the visa petition is attached hereto as Exhibit A). Subsequent to when they filed the visa petition the USCIS sent the Plaintiffs a Notice of Intent to Deny (NOID) the petition. On November 30, 2020, the Plaintiffs attorney filed a response to the NOID which addressed all issues raised by the USCIS in the NOID.

12.     On July 17, 2023, the Plaintiffs attended an in-person interview in connection with their visa petition at the USCIS Boston Field Office. (A copy of the interview notice is attached hereto as Exhibit B). Subsequent to that interview the Plaintiffs and their attorney have made numerous inquiries regarding the status of the visa petition, including inquiries through Congressional members and the USCIS Ombudsman, who also contacted the Defendants about their application. The Plaintiff, Ramatoulie Barberie's removal proceedings have been delayed pending the outcome of the USCIS decision on the visa petition.

13.     The Plaintiffs paid all required fees for their visa petition and have complied in all respects with the INA regarding their visa petition. Despite all their efforts, the USCIS has not responded to the inquiries other than to say that there is a delay in the adjudication process. Regardless of any concerns the Defendants may have with the Plaintiffs pending visa petition, the USCIS has failed and/or refused to adjudicate the petition which has now been pending beyond any posting processing times for the USCIS Boston Field Office.

14.     The government's failure to adjudicate the Plaintiffs' visa petition has caused the Plaintiffs to suffer constant anxiety and has put their lives on hold. The Plaintiff, David Barberie, is statutorily eligible to petition for his spouse based on their bona fide marriage and has an interest in getting the petition adjudicated so he can live with his spouse. The Plaintiff, Ramatoulie Barberie, has no criminal record and is statutorily eligible to seek adjustment of status before the Immigration Court, but not until such time as visa petition is approved. As a direct result of the Defendants' failure to perform their duties to adjudicate the visa petition, the plaintiff, Ramatoulie Barberie, has lost valuable time as a resident of the United States that will eventually lead to citizenship in this country. The USCIS' failure to adjudicate the Plaintiffs'

visa petition has had a profound impact on the Plaintiffs and they are entitled to a decision on their pending application.

15. The Defendants, in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq., are unlawfully withholding or unreasonably delaying action on the Plaintiffs visa petition and have failed to carry out the adjudicative functions delegated to them by law with regard to the Plaintiffs' case. The Plaintiffs are entitled to a decision on their visa petition and demand that the Defendants make such a decision. The Plaintiffs now seek a Court order requiring the Defendants to adjudicate their application.

## **PRAYERS FOR RELIEF**

WHEREFORE the Plaintiff respectfully prays that this honorable Court enter an order:

(a) accepting jurisdiction over the subject matter in this action;

(b) requiring Defendants to adjudicate David Barberie's visa petition for his spouse within a period of time specified by the Court;

(c) awarding the Plaintiffs all costs and reasonable attorney's fees associated with this matter; and

(d) granting such other relief at law and in equity as justice may require.

**Respectfully submitted,**

**Ramatoulie Barberie and David Barberie**
**By their attorney,**


**/s/ Anthony Drago, Esq.**
**Anthony Drago, Esq. (BBO #552437)**
**Anthony Drago, Jr., P.C.**
**88 Broad Street – 5th Floor**
**Boston, MA 02110**
**(617) 357-0400**
**Anthony@adragopc.com**